| United States District Court | | Southern District of Texas |
|---|---|---|
| Automatic Data Processing, Inc., | § § § § § § § § § | |
| Plaintiff, | | |
| versus | | Civil Action H-12-3459 |
| Wellogix, Inc., et al., | | |
| Defendants. | | |

## Opinion on Summary Judgment

1. Automatic Data Processing, Inc., sued Wellogix, Inc., and Wellogix Technology Licensing LLC for a judgment that it does not infringe their method patent on comparing data from purchase orders, field data, and invoices.

2. A machine patent may be infringed if the protected technology is used, sold, or offered for sale "within the United States."[1]

3. Unlike a machine patent, a foreign method cannot be patented if its sold or offered for sale in the United States.[2] All steps of the method must be done domestically.[3]

4. Because Automatic uses computers in Canada to compare purchase orders, field data, and invoices, the essential step of the patented method is foreign. Although people in

---

[1] 35 U.S.C. § 271 (2012).

[2] NTP, Inc. v. Research in Motion, 418 F.3d 1282, 1318 (Fed. Cir. 2005).

[3] Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp., 400 F. Supp. 2d 998 (S.D. Tex. 2005); Agreement on Trade-Related Aspects of Intellectual Property Rights, Apr. 15, 1994, art. 28, H.R. Doc. No. 103-316, at 1634 (1994)).

the United States view comparisons made by Canadian processors, those users and their devices do no comparing.

5. Wellogix – through its technician Martin Kaliski – says the comparison is done by American users, not Canadian servers. It emphasizes that Americans "synchronously" request data and their computers show colored icons indicating discrepancies.

6. The request for a comparison and the display of the results are not the comparison. The request must precede the comparison and the results necessarily follow it. The Canadian computers are the only place where review of data is done.

7. Wellogix also says the case may not be dismissed without formal claim construction. Formal construction of an intuitive term is hollow and inefficient. Wellogix's proposed construction defines comparing as comparing numerically, graphically, or according to information about the data. This is fatuous; it defines the defined term with the defined term and three uselessly vague modifiers.

8. Wellogix last attacks Automatic's technicians as unqualified. Technicians do not need university education like a doctorate. As Automatic's technicians show, practical experience plus good judgment is often more helpful.

9. Because Canadian servers compare the data and because method patents are presumed not to reach beyond the United States, Automatic did not infringe Wellogix's patent.

Signed on November 20, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge